RAMÓN CARLO QUIÑONES, Plaintiff and Appellant, v.
E. K. JUNGHAMS, Defendant and Appellee.

No. 6097. Argued January 16, 1934.—Decided September 29, 1934.

M. Cruz Horta for appellant. Wilson P. Colberg for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

A house and lot were sold in a summary foreclosure proceeding and the mortgagee obtained a writ of possession. The owner of the house and lot brought an action in the municipal court for the amount of his homestead exemption and commenced a suit in the district court for an injunction restraining a mortgagee from proceeding further without first depositing the sum of $500. A preliminary injunction was issued and then dissolved upon the furnishing of a bond by the mortgagee. Later, the district court refused to grant a permanent injunction and petitioner appeals. He says:

"1.—It was error for the district court to dissolve the preliminary injunction issued herein, giving its approval to the bond offered by the defendant-appellee.

"2.—It was error for the district court to find that the property sued on herein was sold to the plaintiff-appellant and his wife 'subject also to the lien already encumbering the property, including all the obligations of the constituted contract.'

"3.—It was error for the district court to hold that the doctrine laid down in *Lassalle v. Valencia, 39 P.R.R. 552,* is not applicable to the case at bar.

"4.—It was error for the district court to hold that the determination within the injunction proceedings sought herein of the existence or non-existence of a real right (Homestead right) is something foreign to the injunction proceedings and that this high tribunal has already decided that the Homestead right should be claimed in the municipal courts.

"5.—It was error for the district court to hold that the granting of the injunction sought herein would amount to a stay of the mortgage foreclosure proceedings on a ground which is not expressly stated either in the law or in Section 175 of the Mortgage Law Regulations. That the mortgage foreclosure proceeding ends with the material possession of the property under execution and that all claims that may be filed shall be settled in the proper plenary action which in the case at bar would be the special proceedings provided by law for the enforcement of the Homestead right in the municipal courts.

"6.—It was error for the district court to hold that in an injunction proceeding, like the one sought herein, the court could determine

whether a homestead right may prejudice a mortgage lien constituted prior to the acquisition of the property by the plaintiff.

"7.—It was error for the district court to dismiss the injunction petition on its merits."

■■ The mortgage had been executed by a former owner of the property. There is nothing to show that the property at that time had been impressed with the character of a homestead. On the contrary, it appears that the owner borrowed the money in order to complete the construction of the house. A homestead is not exempt from foreclosure of a mortgage executed to secure the payment of money borrowed for such a purpose. *Vigo* v. *Ojeda*, 45 P.R.R. 81.

The former owner was J. Hernández Hnos. Whether J. Hernández Hnos. was a firm name does not affirmatively appear. There is nothing to show that J. Hernández Hnos. or anyone else, prior to petitioner's acquisition of the property, ever occupied it as a homestead.

Petitioner purchased the property subject to the mortgage. If he acquired it as a homestead already established, his position was no better than that of his vendor. Nor could he defeat a preexisting mortgage by subsequently establishing a homestead if none existed when the mortgage was constituted. If the mortgage foreclosure sale was not a "sale made to enforce the payment of . . . a debt or liability incurred for the purchase of" the property within the meaning of Section 4 of the law (Comp. St. 1911, Section 1003) it was "a sale made to enforce the payment of . . . a debt or liability incurred . . . for the improvements thereon." In either event, the district court did not err in refusing to grant a permanent injunction, and the other questions raised by appellant become academic.

The judgment appealed from must be affirmed.